**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SHAAKIMA SMITH,

                                            Plaintiff,

            v.                                                    1:19-CV-112
                                                                  (DNH/CFH)
 NEW YORK STATE OFFICE OF TEMPORARY
AND DISABILITY ASSISTANCE,

                                            Defendant.

_____

**APPEARANCES:**

Shaakima Smith
1455 Dorwaldt Blvd., #B9A7
Schenectady, New York 12308
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

#### I.  In Forma Pauperis

        On January 28, 2019, plaintiff pro se Shaakima Smith commenced this action with

the filing of a complaint and, in lieu of paying this Court's filing fee, submitted a motion for

leave to proceed in forma pauperis ("IFP").  Dkt. Nos. 1, 2.  After review of plaintiff's IFP

application, dkt. no. 2, it is determined that plaintiff financially qualifies to proceed IFP.[1]

#### II.  Initial Review

_____

        [1]   Plaintiff is advised that, despite being granted IFP status, she is still required to pay in full any
costs or fees that she may incur in this action, including, but not limited to, any copying fees or witness
fees.

**A.  Legal Standard**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff

seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines

that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to

determine that a plaintiff may properly maintain his complaint before permitting him to

proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure.

Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain,

inter alia, "a short and plain statement of the claim showing that the pleader is entitled to

relief."  See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim

being asserted so as to permit the adverse party the opportunity to file a responsive

answer, prepare an adequate defense and determine whether the doctrine of res judicata

is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation

marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's
> jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the
> pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make

clear that each allegation contained in the pleading "must be simple, concise, and direct."

2

<u>Id.</u> at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  <u>Flores</u>, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, <u>Nance v. Kelly</u>, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude."  <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006).  However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a <u>pro se</u> plaintiff's complaint to proceed.  <u>See</u>, <u>e.g.</u>, <u>Fitzgerald v. First East Seventh St. Tenants Corp.</u>, 221 F.3d 362, 363 (2d Cir. 2000).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  <u>Gonzales v. Wing</u>, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  <u>Salahuddin v.</u>

3

Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).    However, "[d]ismissal . . . is

usually reserved for those cases in which the complaint is so confused, ambiguous, vague,

or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations

omitted).    In such cases of dismissal, particularly when reviewing a pro se complaint, the

court generally affords the plaintiff an opportunity amend the complaint as long as there is

a possibility that an amendment would be able to cure the identified defects. See

Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).    A court should not dismiss a

complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible

on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).    "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).


## B.  Allegations in Complaint

Plaintiff argues that her employer, New York State Office of Temporary and

Disability Assistance ("NYSOTDA") violated the Americans with Disabilities Act ("ADA")

insofar as it violated her reasonable accommodation and failed to reinstate such

accommodation.    Plaintiff began working for NYSOTDA in December 2012, where ser

served as a Legal Affairs Specialist 1 in the "phone unit." Compl. at 5.    In Fall 2013,

plaintiff began experiencing headaches at work. Id.    Plaintiff sought care from her primary

care physician, who diagnosed her with acute migraine and suggested the migraines could

be connected to her type of work. Id.    In April 2017, plaintiff was diagnosed with refractory

migraine disorder and told plaintiff "a change in [her] work duties is necessary." Id.
Plaintiff informed her employer of her migraine disorder and was relocated to the
scheduling unit. Id. Kerry Finley told plaintiff that "they had to move me a certain distance
away from the phone unit as per the American [sic] with Disabilities Act (ADA) guidelines
for migraine sufferers." Id. at 6. Plaintiff was informed that her job in the scheduling unit
would not involve phone contact. Id. Plaintiff accepted this accommodation. Id. In April
2018, plaintiff was informed that she needed to complete an assignment that involved
calling clients by phone. Id. at 8. Once she was informed she would be required to make
phone calls, plaintiff "began suffering from a panic/anxiety attack." Id. On April 16, 2018,
plaintiff was diagnosed with anxiety disorder. Id. Plaintiff informed her employer of this
diagnosis. Id.

On May 29, 2018, plaintiff informed various NYSOTDA employees that she could
return to work if her reasonable accommodation of no telephone contact was reinstated.
Id. at 9. NYSODTA responded to the request that she was not required to make phone
calls as she could contact the clients by fax. Id. at 10. Plaintiff indicates that NYSODTA's
privacy rules prohibited contacting clients by fax and that many clients did not have access
to a private fax machine, and, thus, needed to be contacted by phone. Id. On June 27,
2018, plaintiff was informed that her position in the scheduling unit was not available and
that they could provide her with a position which did not require regular phone use, but that
she may be required to speak to clients on the phone. Id. Samuel Spitzberg told plaintiff
that he could assign her to work on processing backlogs with the Electronic Requests
Retrieval, which would not require phone contact. Id. at 11. Plaintiff contends that she

verbally accepted this offer, but that another NYSOTDA employee, Ms. Vaughn-Tolle did

not agree, and would only agree to a reasonable accommodation offer that allowed phone

use. Id. at 12.

Plaintiff contends that she as discriminated against on the basis of her disability

when her reasonable accommodation of no phone use was revoked. Compl. at 1. Plaintiff

requests "[l]oss pay and time accruals, court fees, attorney fees, and $300,000 in

compensatory damages." Id. at 4.


### C.  Analysis

Plaintiff purports to bring this lawsuit under the Americans with Disabilities Act

("ADA"). Title I of the ADA applies to employment, and thus, would appear to be the

applicable portion of the statute that applies to plaintiff's employment discrimination claims.

However, as an agency of the State of New York, ADA claims against NYSOTDA are

barred by sovereign immunity.

The ADA and the courts have not defined a precise test of a reasonable

accommodation, but it is clearly a "fact-specific, case-by-case inquiry that considers ... the

disability in question and the cost to the organization . . . ." Thompson v. New York City

Dep't of Prob., 348 F. App'x 643, 645 (2d Cir. 2009) (summary order) (quoting Staron v.

McDonald's Corp., 51 F.3d 353, 356 (2d Cir.1995)). As set forth by the Eastern District of

New York

> Under Title I of the ADA, it is unlawful to fail to "mak[e]
> reasonable accommodations to the known physical or mental
> limitations of an otherwise qualified individual with a disability,

who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). Although the ADA validly abrogated state sovereign immunity in relation to certain instances of discrimination covered by that Act, the Supreme Court has held that that [sic] state immunity is not waived in relation to reasonable accommodation in state government employment. Bd. of Trs. Of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); see also Tennessee v. Lane, 541 U.S. 509, 521-22, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (distinguishing discrimination against the disabled in the provision of public services from discrimination against the disabled in public employment).

McClain v. New York State Dep't of Taxation & Fin., No. 13-CV-3104, (NGG/RML), 2014 WL 4101517, at *4 (E.D.N.Y. Aug. 18, 2014) (dismissing the plaintiff's Title I ADA reasonable accommodation claim against the employer, New York State Department of Taxation and Finance as barred by Eleventh Amendment immunity). Here, as plaintiff's claim relates to a reasonable accomodation, which falls under Title I of the ADA, her claim is barred by sovereign immunity, as her employer is an agency of the State of New York. Accordingly, it is recommended that plaintiff's ADA reasonable accommodation claim against NYSOTDA be dismissed with prejudice.

Although not raised by plaintiff in her complaint, it is arguable that plaintiff may seek to proceed under § 504 of the Rehabilitation Act. Courts have recognized three theories of discrimination under section 504: (1) disparate treatment; (2) disparate impact; and (3) failure to make a reasonable accommodation. Davis v. Shah, 821 F.3d 231, 260 (2d Cir. 2016). "In addition, a plaintiff must show 'the connections between (1) the failure to accommodate a disability, (2) the performance deficiencies, and (3) the adverse employment action.'" Natofsky v. City of New York, __F3d__, 2019 WL 1715951, at *11 (2d

7

Cir. Apr. 18, 2019) (quoting <u>Parker v. Sony Pictures Entm't, Inc.</u>, 260 F.3d 100, 108 (2d Cir. 2001) (emphasis in original).  Further, to prevail on a Rehabilitation Act claim, plaintiff must prove, inter alia, that he is an "otherwise qualified individual" – that, 'with reasonable accommodation, he could perform the essential functions of the position[s] sought.'" <u>Faconti v. Potter</u>, 77 F. App'x 68, 69 (2d Cir. 2003) (summary order) (quoting <u>Stone v. City of Mount Vernon</u>, 118 F.3d 92, 96 (2d Cir.1997), citing 29 U.S.C. § 794(a)).

Plaintiff's claim that defendant revoked or declined to reinstate her accommodation of no phone contact would fall under the third prong, failure to make a reasonable accommodation.  Arguably, based on the facts set forth in her complaint, plaintiff may be able to set forth a colorable claim for denial of reasonable accommodation under Section 504 of the Rehabilitation Act.[2]  Accordingly, it is recommended that plaintiff's complaint be dismissed, but that she be permitted an opportunity to amend should she wish to attempt to set forth a claim pursuant to section 504 of the Rehabilitation Act.

### III. Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel.  Dkt. No. 5.  Plaintiff indicates that she has communicated with "various attorneys in the capital district" but those attorneys charged consultation fees between $300 to $400, which she could not afford. Dkt. No. 5.  Plaintiff communicated with an attorney named Ronald Kim in July 2018, but he "stopped responding to [plaintiff's] e-mails.  <u>Id.</u>  Plaintiff contends that

---

[2]  It is noted that plaintiff demands $300,000 in compensatory damages. Monetary damages are only recoverable under the Rehabilitation Act where the plaintiff makes a showing of an intentional violation.

appointment of counsel si needed because she cannot afford an attorney and although she is "capable of reading and understanding certain things, I feel the help of an attorney would be necessary, as the attorney has more knowledge of the law than myself." Id.

It is well settled that "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  In Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  28 F.3d at 1341 (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see also Leftridge, 640 F.3d at 69 (noting that a motion for appointment of counsel may be properly denied if the court "concludes that [the party's] chances of success are highly dubious" (citations omitted)).  The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the plaintiff's claims seem likely to be of substance;
> 2. Whether the plaintiff is able to investigate the crucial facts concerning his claim;
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
> 4. Whether the legal issues involved are complex; and
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir.1997); see also Hodge, 802 F.2d at 61.

"Counsel may be appointed in cases where it appears that such counsel will provide

9

substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made 'a threshold showing of some likelihood of merit.'" Campbell v. Correctional Medical Care, Inc., No. 14-CV-6136T, 2014 WL 2608334, at *5[3] (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989)).  Further, prior to evaluating a request for appointment of counsel, the plaintiff must make a threshold showing – that he is unable to obtain counsel through the private sector or public interest firms.  Cooper, 877 F.2d at 173-74 (quoting Hodge, 802 F.2d at 61).

The fact that plaintiff is pro se and inexperienced in legal matters, and defendant may be represented by counsel, does not require this Court to appoint plaintiff counsel. Were that the case, counsel would need to be appointed to nearly every pro se plaintiff in civil actions.  Appointment of counsel in civil cases is a privilege which is justified only by exceptional circumstances, not a right accorded to any plaintiff who would be better equipped or would feel more comfortable with legal representation.  Although plaintiff may prefer the assistance of counsel, it does appear, based on plaintiff's submissions, it is clear that she is an intelligent person who is capable of representing her positions before this Court.  See, e.g., Brown v. Enzyme Dev. Div. of Biddle Sawyer Corp., 780 F. Supp. 1025, 1026 (S.D.N.Y. 1992).  Lack of knowledge of the law does not suffice to demonstrate that appointment of counsel would increase the likelihood of a just determination in this case. See Ballard v. United States, 11 Civ. 7162 (JSR)(RLE), 2012 WL 3765022, at *1 (S.D.N.Y. Aug. 30, 2012) (denying appointment of counsel and stating that, "other than his general

---

[3] Unpublished decisions cited within this Decision and Order have been provided to plaintiff pro se.

comment that he is 'completely unfamiliar with law,' the plaintiff "has not demonstrated any marked difficulties in presenting his case and fails to state why appointment of counsel would increase the likelihood of a just determination in this case.").  Although, should this case survive dispositive motions, the Court may assign counsel for purposes of trial, the case is not yet at that point. Moreover, financial need alone does not serve as a consideration to appoint counsel in a civil case, as the decision is based on the merits of the case and the ability of the individual to represent himself.  See Hendricks, 114 F.3d at 392.

## IV.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (dkt. no. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's reasonable accommodation claim pursuant to Title I of the Americans with Disabilities Act alleged against the New York State Office of Temporary and Disability Assistance be **DISMISSED with prejudice** as barred by the Eleventh Amendment; and it is further

**RECOMMENDED**, that plaintiff be provided an opportunity to amend her complaint[4]

---

[4]    Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014(1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action.

should she wish to attempt to set forth a reasonable accommodation claim under section 504 of the Rehabilitation Act; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order and permits plaintiff an opportunity to amend, plaintiff be given thirty (30) days from the date of filing of the District Judge's Order to file an amended complaint, and if plaintiff fails to file an amended complaint within those thirty days, the case will be dismissed without further order of the Court; and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 5) is **DENIED** with leave to renew at a later point should there be a change in the plaintiff's circumstances.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[5]

Dated: April 29, 2019
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5]   If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).