UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAAKIMA SMITH,

          Plaintiff,

v.                 1:19-CV-112
                     (DNH/CFH)
NEW YORK STATE OFFICE OF TEMPORARY
AND DISABILITY ASSISTANCE,

          Defendant.

---

**APPEARANCES:**

Shaakima Smith
1455 Dorwaldt Blvd., #B9A7
Schenectady, New York 12308
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## DECISION & ORDER

### I. Background

On April 29, 2019, the undersigned issued a Report-Recommendation & Order which, as relevant here, (1) granted plaintiff's application to proceed in forma pauperis; (2) recommended that plaintiff's claim pursuant to Title I of the Americans with Disabilties Act be dismissed against defendant New York State Office of Temporary and Disability Assistance ("NYSOTDA") with prejudice as barred by the Eleventh Amendment; and (3) that plaintiff be permitted an opportunity to amend her complaint "should she wish to attempt to set forth a reasonable accommodation claim under section 504 of the Rehabilitation Act." Dkt. No. 6 at 11-12. In a Decision & Order dated

July 31, 2019, District Judge David Hurd adopted the Report-Recommendation & Order in its entirety. Dkt. No. 7. On August 22, 2019, plaintiff filed an amended complaint. Dkt. No. 8. Pending before the Court is review of plaintiff's Amended Complaint pursuant to 42 U.S.C. 1915(e).

## II. Review of Amended Complaint

In her amended complaint, plaintiff seeks to proceed pursuant to section 504 of the Rehabilitation Act for a failure to reasonably accommodate her disability, and a subsequent failure to reinstate her accommodation. Defendant hired plaintiff as a Legal Affairs Specialist 1 in December 2012. Plaintiff indicates that she was diagnosed with refractory migraine disorder in April 19, 2017, and was advised that a change of work duties was required. Dkt. No. 5. Plaintiff submitted a doctor's letter to defendant and made a request for a reasonable accommodation, as her migraines were triggered by telephone contact. Id. In May 2017, plaintiff was advised that she could be transferred to the scheduling unit and would not have phone contact. Id. Plaintiff agreed to this accommodation. Id. On April 4, 2018, defendant "revoked [her] reasonable accommodation without reason or cause[.] [Plaintiff] was directed by [her] supervisor to resume client phone contact, there was no due process." Compl. at 5. As a result of being told she had to engage in client telephone contact, plaintiff suffered a panic attack, "became ill and was later diagnosed with an anxiety disorder due to the events that occurred on April 4, 2018." Id.

On June 11, 2018, plaintiff requested reinstatement of her reasonable

2

accommodation of no client telephone contact. Compl. at 5. Defendant denied this request on June 27, 2018. Id. Plaintiff met with two of defendants' employees who advised defendants that she could "process work" from backlogged requests made through an Electronic Requests Retrieval System. Plaintiff agreed to this offer, but one of the employees "refused to agree." Id. In July 2018, plaintiff submitted medical clearance documentation and explained her intent to return to work. Id. Plaintiff was advised that because her medical clearance documents prohibited client telephone contact, she was not allowed to return to work. Id.

Plaintiff contends that she was hired as a Legal Affairs Specialist 1 and that role does not require telephone contact, as hearing requests can be submitted by fax, letter e-mail, and in person. Compl. at 5. Plaintiff contends that she did not request that she not process hearing requests, but only that she not engage in telephone contact with clients. id. Plaintiff advises that defendant "place[d] [her] in the scheduling unit where there is no processing of hearing requests. The defendant made the choice not to accommodate me by allowing me to process hearing requests using another method, but instead place me in the scheduling unit where there is no processing of hearing requests." Id. Plaintiff contends that the revocation of the accommodation and refusal to reinstate the accommodation "caused me great adverse employment action." Id. She advises further that, "[e]ven though they did not fire me, it was just as bad, because by refusing to allow me to return to work, they caused me great financial hardship." Id. Plaintiff contends that telephone contact is not an essential function of her role. Id. at 5-6.

3

Plaintiff attaches an EEOC right to sue letter, dated July 7, 2019. Dkt. No. 8-1. Plaintiff demands $600,000. Compl. at 7. Assuming for purposes of this review only that plaintiff's refractory migraine disorder meets the definition of disability under section 504, and that defendant is an entity receiving assistance from the federal government, plaintiff appears to state a claim against defendant under Section 504 of the Rehabilitation Act.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk of the Court is to send a blank summons to plaintiff, and that <u>plaintiff must complete the summons and return to the Clerk of the Court within **twenty-one (21)** days</u>, and after the Clerk of the Court receives the completed summons from plaintiff, the Clerk of the Court is to issue the summons and forward it, along with a copy of the amended complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the defendant; and it is further

**ORDERED**, that a response to the amended complaint be filed by defendant or counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendant; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 Conference before the assigned Magistrate Judge; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this

action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 5th Floor, James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.** Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; her failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

    **ORDERED,** that the Clerk serve a copy of this Decision & Order and General Order 25 on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 20, 2019
    Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge